IN RE THE MARRIAGE OF: DIANA L. HONKOMP
AND ROBERT L. HONKOMP

[No. 3-976A209. Filed October 19, 1978. Rehearing denied April 26, 1979.]

*Craig V. Braje*, of Michigan City, for appellant.

*Richard M. Rhodes*, of Peru, for appellee.

GARRARD, P.J.— The parties' marriage was dissolved in 1973. This appeal follows a hearing held in December 1975 on cross petitions to "adjust" support payments. The court's order, entered at that time, allowed the husband to credit against support payments the amounts already garnished and the amounts thereafter to be garnished from his wages for the payment of a marital debt due Avco Financial Services. On appeal the wife asserts that the court's order amounts to (1) an attempt to modify a support decree retroactively; and (2) a prospective modification that was an abuse of discretion because the evidence failed to establish "changed circumstances so substantial and continuing as to make the terms [of the prior order] unreasonable" as required by IC 31-1-11.5-17.

We agree. From the record before us it appears that the only substantial basis for the court's action was the garnishment of the husband's wages to pay the debt to Avco which the dissolution decree had made the responsibility of the wife.

Support allowances for the benefit of minor children are received by the custodial parent in a fiduciary-like capacity which does not permit a husband to "set off" support payments he owes against a debt owed him by his former wife in her individual capacity. *Grace v. Quigg* (1971), 150 Ind. App. 371, 276 N.E.2d 594; *Corbridge v. Corbridge* (1952), 230 Ind. 201, 102 N.E.2d 764. Nor may a support award be modified retroactively. *Corbridge.*

Thus, it may be that Honkomp was not in contempt for his failure to have made the full amount of his support payments, but the decision of the court was contrary to law in attempting to extinguish his liability for support by the amounts already garnished from his wages.

Moreover, evidence establishing merely that Honkomp's wages had been garnished and were subject to continuing garnishment is insufficient to establish the *substantial* change of circumstances required by statute for modification of a support allowance. IC 31-1-11.5-17.

Accordingly, the order is reversed.

Staton, J. and Lowdermilk, J. (sitting by designation) concur.

NOTE—Reported at 381 N.E.2d 881.