**Frank M. LIZAK, Defendant-Appellant,**

**v.**

**Melvin E. SCHULTZ, Administrator of the Estate of Donna Marie Lizak Schultz, deceased, Plaintiff-Appellee.**

**No. 3–1284A331.**

Court of Appeals of Indiana, Third District.

July 23, 1985.

Rehearing Denied Aug. 28, 1985.

 

David M. Hamacher, Hamacher & Hamacher, Crown Point, for defendant-appellant.

George R. Livarchik, Nasrin Farahmand, Law Offices of George R. Livarchik, Chesterton, for plaintiff-appellee.

HOFFMAN, Judge.

The facts relevant to this appeal are virtually undisputed and are as follows.

Donna Marie Lizak and appellant Frank Lizak were divorced in 1971. Frank was ordered to pay child support to Donna pursuant to the divorce decree. After the divorce, Donna brought several post-divorce actions to enforce those support provisions.

In 1979, Donna married Melvin E. Schultz. On June 2, 1981, Melvin adopted the two youngest children produced by Donna and Frank's marriage. Shortly thereafter, on August 27, 1981, Donna passed away. Melvin, as Administrator of Donna's estate, substituted himself as plaintiff in the ongoing action on November 10, 1983.

On August 2, 1984, the trial court rendered its finding that Frank was in arrears on his child support payments in the amount of $28,850.00 and ordered that Melvin, as the Administrator of Donna's estate, recover that amount from Frank. Frank appeals the decision of the trial court and two issues are presented for this Court's review:

(1) whether the divorce court retains subject-matter jurisdiction to reduce child support arrearage to a lump sum after the death of the custodial parent party to the divorce action; and

(2) whether the administrator of the estate of a deceased custodial parent has standing to collect child support arrearages accruing prior to the custodial parent's death.

Frank contends that the trial court lost its jurisdiction over all aspects of the divorce upon the death of Donna, and he cites several cases in support of his contention.[1] However, those cases do not address the specific issue in question here; they deal with the issue of future unaccrued support or child custody upon the death of the custodial parent or the emancipation of the children. While it is true that in such cases the divorce decree and the divorce court lose effect and jurisdiction respectively, this Court does not find any authority for the proposition that a divorce court loses its subject-matter jurisdiction to reduce support arrearage to a lump sum upon the death of the custodial parent.

Under IND.CODE § 31–1–11.5–13(e), the court is given certain tools and methods to enforce its support orders and to collect accrued but unpaid amounts. Frank's position is that the statute loses its effect upon the custodial parent's death. Thus, if the non-custodial parent is able to dodge the wrath of the divorce court while the custodial parent is alive, Frank would argue that upon the custodial parent's death the surviving parent's unpaid obligation would be uncollectable by the court which ordered him to pay.

There is no question that while the custodial parent is alive, the divorce court has the jurisdiction to enter a judgment against the person obligated to pay support requiring that person to pay all unpaid obligations to the person entitled to

---

1. *See, State ex rel. Paxton v. Porter Superior Court* (1984), Ind., 467 N.E.2d 1205; *In re Marriage of Hilton* (1984), Ind.App., 459 N.E.2d 744; *Barry v. Sparks* (1940), 306 Mass. 80, 27 N.E.2d 728; *McLaughlin v. Todd* (1940), 210 Ark. 348, 145 S.W.2d 725. *See also, Bagal v. Bagal* (1983), Ind.App., 452 N.E.2d 1070; *Collins v. Gilbreath* (1980), Ind.App., 403 N.E.2d 921.

receive payments. If there is an accrued but unpaid support obligation on the date of the custodial parent's death, it naturally follows that the divorce court retains the jurisdiction to reduce those obligations to a lump sum as of the date of the custodial parent's death. Therefore, the divorce court herein retained the jurisdiction to enter a judgment against Frank in the amount of accrued but unpaid support payments as of the date of Donna's death.

Pursuant to IND.CODE § 29–1–13–3, the administrator of a decedent's estate is empowered to maintain a lawsuit in order to recover money owed the decedent or his estate. Frank's second contention is that Melvin, as Administrator of Donna's estate, lacked standing to collect the accrued but unpaid support payments because, he argues, the support arrearage was not money owed to Donna or her estate.

This Court has previously held that a custodial parent who used her own funds to meet the children's present needs was entitled to repayment from her former husband, where the husband had been legally obligated by the support decree to pay for the support of the children. *Statzell v. Gordon* (1981), Ind.App., 427 N.E.2d 732; *Linton v. Linton* (1975), 166 Ind.App. 409, 336 N.E.2d 687.

The evidence presented to the trial court established that Frank made no support payments to Donna since 1975. Due to Frank's failure to make payments required by the divorce decree, Donna's home and automobile were foreclosed upon and repossessed, respectively. Melvin and Donna maintained separate bank accounts and did not share their funds. It is thus clear that Donna was required to expend her own funds for the support and needs of her children, and that Frank failed to pay the support which was ordered by the court.

Therefore, the accrued but unpaid support payments constituted money owed to Donna at the time of her death. As such, pursuant to IND.CODE § 29–1–13–3, Melvin, as the Administrator of Donna's estate, has standing and is the proper party to recover that money.

Affirmed.

STATON, P.J., and GARRARD, J., concur.