**Frank M. LIZAK, Appellant
(Defendant Below),**

**v.**

**Melvin E. SCHULTZ, Administrator of the Estate of Donna Marie Lizak Schultz, deceased, Appellee (Plaintiff Below).**

No. 45S03–8608–CV–716.

Supreme Court of Indiana.

Aug. 5, 1986.

David M. Hamacher, Hamacher & Hamacher, Crown Point, for appellant.

George R. Livarchik, Nasrin Farahmand, Chesterton, for appellee.

SHEPARD, Justice.

Two important questions in domestic relations law were recently addressed by the Third District of the Court of Appeals. First, does a dissolution court retain jurisdiction to reduce child support arrearage to a judgment after the death of the custodial parent? Second, does the administrator of the estate of the deceased custodian have standing to bring such an action? The Court of Appeals answered both questions in the affirmative. *Lizak v. Schultz* (1985), Ind.App., 480 N.E.2d 962. The Court of Appeals reached the right conclusion for the right reasons, and we believe that the state of the law would be advanced by our granting transfer in order to so hold.

As the result of a divorce in 1971, appellant Frank Lizak was ordered to pay child support of sixty dollars per week to his wife Donna Marie. Mr. Lizak was frequently in arrears and the former spouses often found themselves in court on enforcement actions.

Mrs. Lizak eventually remarried and her new husband, appellee Melvin Schultz, adopted the two youngest children of the Lizak marriage in 1981. Less than three months later, Donna Marie Lizak Schultz died.

Two years later, Melvin Schultz, in his capacity as Donna's personal representative, petitioned the dissolution court for permission to pursue the child support arrearage which existed at the time of her death. The trial court granted this request and eventually entered a judgment for the estate against Lizak in the amount of $28,850 plus $4,080 in attorney fees.

The Court of Appeals held that Schultz had standing to pursue an action for back child support. Lizak argues that because the deceased custodial mother was a fiduciary for the children, the child support debt he owes is not an ordinary debt which a personal representative can collect and dispose of as he would a debt on a note.

Because it is a debt for money ordered for the benefit of the children, Lizak claims that only the children's present caretaker can collect the money. Of course, appellee Schultz is both the representative of the estate and the guardian of the children. This dual assignment is common but not universal. Lizak urges that allowing an estate to collect back support could harm the very children which support is supposed to help: money originally ordered for the benefit of the children could flow into the hands of beneficiaries who have no interest or legal obligation toward the decendent's children.

We analyze this argument on its merits, though we note it is offered by a man who had to be jailed repeatedly for non-payment of child support, who had to be arrested in order to procure his attendance in court, who finally consented to adoption of his children by someone else, and who laments that the Dead Man's Statute kept him from trying to prove that he and his deceased former wife made a bargain to trade child support for no visitation.

The description of the children's custodian as a trustee has distant origins in our law. *Cox v. Cox* (1865), 25 Ind. 303. Early cases seem to use this term to differentiate alimony, paid to the former spouse for her benefit, from child support, payable to the custodian of the child, regardless of whether the custodian is a parent or not. *Stonehill v. Stonehill* (1896), 146 Ind. 445, 45 N.E. 600. It has been used to describe the relationship between child and custodian and the obligation of the latter to seek enforcement of the support order. *Hutchinson v. Wood* (1915), 59 Ind.App. 537, 109 N.E. 794. It has not been used to permit the non-paying parent to avoid the obligation of a support order. *Carson v. Carson* (1950), 120 Ind.App. 1, 89 N.E.2d 555 (father obligated to pay custodial mother full amount of support ordered without any proof that she would spend it all on child, notwithstanding fact that child was in the U.S. Army during the last few years of his minority).

Clearly, one who has present custodial responsibility can collect ongoing payments for the support of the child. Only he can be the trustee of the non-custodial parent's ongoing obligation to pay. Similarly, one who has had the obligation to care for a child and has advanced his own funds to do so is entitled to collect the arrears from the non-custodian. Lizak argues that the administrator should be required to prove that Donna Marie expended sums equivalent to $28,500 from her own money. This question has been decided contrary to appellant's position. "The husband becomes a debtor to the mother trustee as the installments accrue, and the father cannot reduce or avoid his civil liability for the accrued debt by showing the trustee has expended for the benefit of the child amounts less than ordered." *Corbridge v. Corbridge* (1952), 230 Ind. 201, 206, 102 N.E.2d 764, 766–7; *Grace v. Quigg* (1971), 150 Ind.App. 371, 276 N.E.2d 594.

Of course, there are some circumstances in which the custodian would need to prove the actual expenditures. When she pays tuition and other college expenses which the decree of dissolution orders the father to pay, for example, she must prove up the actual amount of those expenses in her collection action against the father. *Statzell v. Gordon* (1981), Ind.App., 427 N.E.2d 732. Generally, though, the amount which the non-custodian is obligated to pay has already been established at a specified number of dollars per week. The custodian, by providing food, clothing, and shelter to the child has discharged her trusteeship and is entitled to collect from the one who is legally obligated to pay. *McCormick v. Collard* (1937), 105 Ind.App. 92, 10 N.E.2d 742. This calculation will be largely a matter of mathematics and proof of any satisfaction, inasmuch as the amount of the periodic payments was earlier litigated in accordance with Ind.Code § 35–1–11.5–18. Unlike appellant Lizak, we do not read *Linton v. Linton* (1975), 166 Ind.App. 409, 336 N.E.2d 687, as differing from this rule.

Having concluded that the administrator was entitled to collect on the debt which Lizak owed Donna Marie, we turn to the question of whether the divorce court had jurisdiction of the subject matter after Donna's death. Counsel for Lizak states the question appropriately: "The issue is, simply, a procedural one of whether an action should have been brought, as part of the original divorce action, or whether it should be brought as a new action, based upon the prior Judgment."

Lizak cites the commonly repeated assertion that "divorce proceedings terminate entirely with the death of one of the divorce parties." *State ex rel. Smith v. Delaware County Superior Court* (1982), Ind., 442 N.E.2d 978, 980. However, this "general rule" seems to have been honored more in the breach. Indeed, in *State ex rel. Smith* this Court permitted a wife to seek modification of a property division after the death of her former spouse. Similarly, we rejected the "general rule" when we allowed an action for fees to proceed after the death of a party. *State ex rel. Paxton v. Porter Superior Court* (1984), Ind., 467 N.E.2d 1205. One respect in which the dissolution court's jurisdiction clearly ends upon the death of a party is child custody. *State ex rel. Gregory v. Superior Court of Marion County* (1961), 242 Ind. 42, 176 N.E.2d 126 (divorce court jurisdiction ceases "so far as the custody and control of the children are concerned" upon death of a party); *Hendrickson v. Binkley* (1974), 161 Ind.App. 388, 316 N.E.2d 376 (upon death of custodian, custody inures to surviving parent, who may procure possession through habeas corpus and need not establish "best interest of the child").

Accordingly, we agree with the Court of Appeals that the dissolution court had the authority to reduce back support to a judgment upon the substitution of the personal representative as claimant in Donna's enforcement action.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.