### In the Matter of Deborah Anne HENADY, Debtor.

**Bankruptcy No. 93–40491.**

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division at Lafayette.

March 29, 1994.

Margret Robb, Lafayette, IN, Trustee.

Dennis Woods, Fowler, IN, for debtor.

---

### DECISION

ROBERT E. GRANT, Bankruptcy Judge.

Deborah Anne Henady filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on July 30, 1993. The scheduled assets include a claim against her ex-husband in the amount of $22,000.00. This claim arises out of his failure to pay weekly support and various health care expenses for their children, as ordered by the Newton Circuit Court. On Schedule C, debtor claimed an exemption in this asset, in the amount of $22,000.00, pursuant to I.C. 34-2-28-1.

This matter is before the court as the result of the bankruptcy trustee's objection to debtor's claimed exemption. As the dispute has evolved, it no longer centers upon the question of the claimed exemption. Instead, the ultimate issue has become whether debtor's claim against her ex-husband is property of the bankruptcy estate. *See Owen v. Owen*, 500 U.S. 305, 308, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991) ("No property can be exempted (and thereby immunized), however, unless it first falls *within* the bankruptcy estate.") (emphasis in original). *See also Matter of Yonikus*, 996 F.2d 866, 869 (7th Cir.1993) ("Before an exemption can be claimed, it must be estate property."). Where the original exemption issue is concerned, the parties have stipulated that, if the claim for support arrearages is property of the estate, the debtor's exemption is limited to the $100.00 exemption Indiana law permits for intangible property. *See* I.C. 34-2-28-1(a)(3). The matter has been submitted to the court for a decision based upon the parties' stipulation of facts and the briefs of counsel.

Property of the bankruptcy estate is defined by § 541 of the United States Bankruptcy Code. The estate is initially comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case" wherever located and by whomever held. 11 U.S.C. § 541(a). Perhaps because of the breadth of this definition, other portions of § 541 operate to exclude certain interests of the debtor in property from the bankruptcy estate. The estate does not include property the debtor holds in trust for another. 11 U.S.C. § 541(d). *See also Begier v. I.R.S.*, 496 U.S. 53, 59, 110 S.Ct. 2258, 2263, 110 L.Ed.2d 46 (1990); *In re First Capital Mortgage Loan Corp.*, 917 F.2d 424, 426 (10th Cir.1990).

Absent any controlling federal interest, the nature of a debtor's interest in property is a matter of state law. *Barnhill v. Johnson*, — U.S. —, —, 112 S.Ct. 1386, 1389, 118 L.Ed.2d 39 (1992); *Butner v. U.S.*, 440 U.S. 48, 54, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979); *Yonikus*, 996 F.2d at 869; *UNR Indus., Inc. v. Continental Casualty Co.*, 942 F.2d 1101, 1103 (7th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1586, 118 L.Ed.2d 305 (1992). *See also In re B.I. Financial Servs. Group, Inc.*, 854 F.2d 351, 354 (9th Cir.1988); *In re Cowles*, 143 B.R. 5, 8 (Bankr.D.Mass.1992) (whether or not a trust exists is also a matter of state law). Debtor argues that under Indiana law she holds the right to collect the support arrearage as a trustee on behalf of her children. The trustee argues that, in Indiana, any amount in arrears is owed to the debtor personally, as reimbursement, and, thus, constitutes property of the estate.

The disparity in the parties' positions arises because the decisions of the Indiana courts are not consistent in their characterization of the capacity in which a custodial parent acts in connection with the collection of child support arrearages. When the issue is addressed in general terms, the courts readily speak of the custodial parent's fiduciary or trustee-like role. These broad statements break down, however, when the courts are called upon to apply them to more specific situations and, thus, are required to address the issue in greater detail.

The broader statements concerning the fiduciary role of the custodial parent have

their origin in discussions concerning the parties.' obligations with regard to ongoing or future support payments. Decrees for the payment of support do not create a debtor and creditor relationship between the custodial parent and the party obligated to pay. *Pavuk v. Scheetz,* 108 Ind.App. 494, 29 N.E.2d 992, 995 (1940). Although the custodial parent is the one entitled to receive these payments, it is the child, rather than the custodial parent, that is the intended beneficiary of a support order. *Bendix v. Bendix,* 550 N.E.2d 825, 826 (Ind.App.1990). The entity receiving the support is obligated to use it in support of the child. I.C. 31–1–11.5–14(b) ("The payments shall be used solely for the benefit of the child entitled to receive the payments."); *Pavuk,* 29 N.E.2d at 995 (custodial parent has duty to use support for the benefit of the child). Because of this duty, the custodial parent receives ongoing payments in a trustee or fiduciary-like capacity.[1] *Jenkins v. Jenkins,* 567 N.E.2d 136, 140 (Ind.App.1991); *In re Marriage of Honkomp,* 178 Ind.App. 68, 69, 381 N.E.2d 881, 882 (1978). The custodial parent "becomes a trustee of the funds for the use and benefit of the child" and the noncustodial parent "becomes a debtor to the [custodial parent] trustee as the installments accrue[.]" *Grace v. Quigg,* 150 Ind.App. 371, 378, 276 N.E.2d 594, 598 (1971).

A common scenario in which these general principles are put into operation involves a defense by the noncustodial parent to the custodial parent's efforts to collect past due child support, based upon the proposition that the parties had previously agreed that the court ordered support payments did not have to be made. *See e.g. Ort v. Schage,* 580 N.E.2d 335, 336 (Ind.App.1991); *Pickett v. Pickett,* 470 N.E.2d 751, 755 (Ind.App.1984); *Grace,* 276 N.E.2d at 599. The defense is uniquely unsuccessful. Little more is needed to defeat it than a reference to the custodial parent's trusteeship of the child's right to support, followed by the conclusion that the custodial parent has "no right to contract away the benefits of the trust." *Grace,* 276 N.E.2d at 599. Thus, "[a]n agreement to forego child support is unenforceable because

the parent has no right to contract away the child's support benefits." *Ort,* 580 N.E.2d at 336.

The concept of the custodial parent's role as a trustee is also frequently relied upon when the issue before the court is not whether there is a support arrearage but, rather, the amount of the arrears that must be paid. In this situation, the noncustodial parent attempts to reduce or eliminate its unpaid liability by asserting a right to set off amounts due it from the custodial parent against the otherwise unpaid support. Given the fiduciary role of the custodial parent, this argument also meets with little success.

> Support allowances for the benefit of minor children are received by the custodial parent in a fiduciary-like capacity which does not permit a husband to "set off" support payments he owes against a debt owed him by his former wife in her individual capacity. *Honkomp,* 381 N.E.2d at 882.

The Indiana courts firmly adhere to the distinction between the custodial parent's trustee status as to support payments and that parent's individual status, regardless of the various permutations in which the set off argument may be presented. Thus, in *State v. Funnell,* 622 N.E.2d 189 (Ind.App.1993), where due to several changes in custody both parents had become entitled to support from the other, the trial court's decision allowing the father to set off his former wife's support arrearage against his own support arrears was reversed. The appellate court stated:

> The trial court incorrectly treats the child support as an obligation from parent to parent.... Because the payor's obligation is to the child and not the custodial spouse, the payor cannot withhold support payments to set off a debt owed by the custodial spouse.... *Funnell,* 622 N.E.2d at 190 (citations omitted).

The court clarified that the mother owed her arrears to the father "in his capacity as trustee for the children...." *Funnell,* 622 N.E.2d at 191 n. 6. Similarly, in *Jenkins v. Jenkins,* 567 N.E.2d 136 (Ind.App.1991), the noncustodial parent was not permitted to

---

1. The trustee concedes that the debtor holds the    right to future payments in trust for her children.

satisfy a debt he owed to his former wife, as a result of a property settlement, through a set off arising out of his overpayment of child support. The court held that "a debt in property settlement cannot be satisfied from a surplus in child support payments," *Jenkins*, 567 N.E.2d at 140, reasoning:

[T]he custodial parent acts in a fiduciary capacity when receiving child support payments.... Although the money is paid to the custodial parent, that person is merely a conduit—the payor's obligation is to the child, not to the custodian.

\* \* \* \* \* \*

[B]ecause the role of a custodial parent receiving child support is that of trustee for the child's account, ... it follows that the custodial parent may not appropriate funds from the child's account to satisfy any other debt. *Jenkins*, 567 N.E.2d at 140 (citations omitted).

Another aspect of the nature of support is presented by *Carson v. Carson*, 120 Ind.App. 1, 89 N.E.2d 555 (1950), where the court held that the custodial mother was entitled to collect all the child support payments ordered by the court, despite the fact that the child had entered the armed forces and she had not expended any funds on the child's behalf. The father argued that the son's entry into the armed forces relieved him of the obligation to pay, and that his ex-wife had to prove that she had actually expended the amounts she was seeking. The court rejected these arguments based upon the proposition that the money in question was for the benefit of the child, not the custodial parent.

The obligation under the contract is not one of reimbursement to the wife for the expenses incurred to her in maintaining and supporting the son and nothing else. The obligation does not spring into existence only upon a showing by the appellee that she has expended certain sums in maintaining and supporting the boy. That does not mean, nor does she claim, that she would be entitled to retain for her own

use and benefit the full sum specified in the contract to the exclusion of her son, the other beneficiary; but the fact that she would have no right to the sole use and benefit of the full instalments does not impair her right to collect the entire amount. With respect to any benefits intended for the boy, her position would be that of a Trustee charged with the duty both legal and moral to affect collection so as to make available to the boy the benefits intended for him. *Carson*, 89 N.E.2d at 558–59.

The child's interest in receiving support was also the focus of the Indiana Supreme Court's decision in *Corbridge v. Corbridge*, 230 Ind. 201, 102 N.E.2d 764 (1952). Once again, the child's interest in collecting what had been ordered to be paid was not to be undermined by the actions of the custodial parent.

Where support money is ordered to be paid to the mother who has custody of a minor child, she becomes a trustee of the funds for the use and benefit of the child.... The husband becomes a debtor to the mother trustee as the installments accrue, and the father cannot reduce or avoid his civil liability for the accrued debt by showing the trustee has expended for the benefit of the child amounts less than ordered.... [T]he beneficiary of the trust is entitled to the collection of the amounts ordered, and the child's interest in the order cannot be defeated by any failure of the trustee to expend an equivalent amount from her own funds. *Corbridge*, 102 N.E.2d at 767 (citations omitted).

If this were all that the Indiana courts had written about support arrearages, the relative positions parents occupy with regard to the payment and receipt of support, and the interest of the child in seeing that the required payments are indeed made, it would be clear that a support arrearage does not become property of the bankruptcy estate. These authorities leave no doubt that the custodial parent is a trustee of the noncustodial parent's obligation to pay.[2] This is not,

---

**2.** The few bankruptcy decisions that have directly grappled with the question have concluded that, where under applicable state law the right to receive child support is held in trust by the custodial parent, support arrearages do not become property of the bankruptcy estate. *See*

however, all that the Indiana courts have written about unpaid child support and the custodial parent's status with regard to the amounts due. There is another line of authority which leads to precisely the opposite conclusion—that the right to collect unpaid child support belongs to the custodial parent personally and not as a trustee for the child.

The most forceful basis for the argument that support arrearages are not owed to the custodial parent as a trustee for the child is the Indiana Supreme Court's decision in *Lizak v. Schultz*, 496 N.E.2d 40 (Ind.1986), *aff'g Lizak v. Schultz*, 480 N.E.2d 962 (Ind.App. 1985). There, the court was faced with a situation in which the custodial parent (Donna) had initiated an action to collect a substantial arrearage that had arisen as the result of the noncustodial parent's (Lizak's) failure to pay his court ordered child support. Shortly after initiating the action, Donna died. Her current husband (Schultz) was named administrator of her probate estate and, as administrator, substituted himself as plaintiff in the action. Lizak argued that Schultz, as administrator of his ex-wife's probate estate, did not have standing to collect the back support because the arrears was not money owed to her or her estate.

The Court of Appeals rejected this argument. It stated:

Pursuant to [Indiana law], the administrator of a decedent's estate is empowered to maintain a lawsuit in order to recover money owed the decedent or his estate. [Lizak's] ... contention is that [Schultz], as Administrator of Donna's estate, lacked standing to collect the accrued but unpaid support payments because ... the support arrearage was not money owed to Donna or her estate.

This court has previously held that a custodial parent who used her own funds to meet the children's present needs was entitled to repayment from her former husband, where the husband had been legally obligated by the support decree to pay for the support of the children....

... [Lizak] made no support payments to Donna since 1975.... It is thus clear that Donna was required to expend her own funds for the support and needs of her children, and that [Lizak] failed to pay the support which was ordered by the court.

Therefore, the accrued but unpaid support payments constituted money owed to Donna at the time of her death. As such, pursuant to [Indiana law] [Schultz], as the Administrator of Donna's estate, has standing and is the proper party to recover that money. *Lizak*, 480 N.E.2d at 964 (citations omitted).

On transfer, the Indiana Supreme Court confronted Lizak's argument that, because the past due support was owed to the custodial mother in a fiduciary capacity, the personal representative of her estate was not the proper party to collect it. In rejecting the argument the court observed: "The Court of Appeals reached the right conclusion for the right reasons...." *Lizak*, 496 N.E.2d at 41. While acknowledging distant origins for the description of the custodial parent as a trustee for the children, the court noted that the characterization was originally used "to differentiate alimony ... from child support ..." and had come to be "used to describe the relationship between child and custodian and the obligation of the latter to seek enforcement of the support order." *Id.* at 42. The characterization had "not been used to permit the non-paying parent to avoid the obligation of a support order." *Id.* The court reasoned:

[O]ne who has had the obligation to care for a child and has advanced his own funds to do so is entitled to collect the arrears from the non-custodian.

\*     \*     \*     \*     \*     \*

The custodian, by providing food, clothing, and shelter to the child, has discharged her trusteeship and is entitled to collect from

*Zimmerman v. Starnes*, 35 B.R. 1018 (D.C.Colo. 1984) (applying California law); *In re Anders*, 151 B.R. 543 (Bankr.D.Nev.1993) (applying Nevada law); *In re Prettyman*, 117 B.R. 503 (Bankr. W.D.Mo.1990) (applying Missouri law); *In re*

*Welch*, 31 B.R. 537 (Bankr.D.Kan.1983) (applying Kansas law). *See also Boston v. Gardner*, 365 F.2d 242 (9th Cir.1966) (applying Oregon law under the Bankruptcy Act of 1898).

the one who is legally obligated to pay. *Id.*

Thus, the court "concluded that the administrator was entitled to collect on the debt which Lizak owed Donna...." *Lizak,* 496 N.E.2d at 43. *Accord Collins v. Gilbreath,* 403 N.E.2d 921, 924 (Ind.App.1980) (support arrearage is owed to the estate of a deceased custodial parent). *See also Statzell v. Gordon,* 427 N.E.2d 732 (Ind.App.1981) (where a custodial parent uses its own funds to meet the needs of a child, that parent is entitled to repayment from the one who was obligated by the decree to pay).

This analysis, by the state's highest court, clearly leads to the conclusion that the right to collect a child support arrearage is a right of reimbursement, which is personal to the custodial parent, after that parent has expended its own funds to meet the needs of the child for whose benefit support was to have been paid. *Cf. In re Prettyman,* 117 B.R. 503 (Bankr.W.D.Mo.1990) (under Missouri law, the right to collect past due support does not pass to the custodial parent's personal representative and the personal representative is not a proper party to enforce the obligation). As the custodial parent's personal property, the right would come into the bankruptcy estate.

Further support for the conclusion that the right to collect unpaid support is a right of reimbursement, which belongs to the custodial parent personally rather than in a fiduciary capacity for the benefit of the child, is found in the Court of Appeals decision in *Linton v. Linton,* 166 Ind.App. 409, 336 N.E.2d 687 (1975). Indeed, in *Lizak,* the Court of Appeals referred to *Linton* to support its conclusion that the right to collect past due support was a right to repayment which could be enforced by the administrator of the custodial parent's probate estate. *Lizak,* 480 N.E.2d at 964. In *Linton* the court was confronted with the enforceability of an agreement between the parents pursuant to which the father's delinquent support obligations would be discharged through a cash payment and the transfer of property which "fell substantially short of the accrued support amount due...." *Linton,* 336 N.E.2d at 695. The court took full note of the

general rule that parents may not agree to deprive their children of court ordered support and that, once decreed, the award may not be retroactively altered. *Id.* Despite these principles and the custodial parent's characterization as a trustee of benefits intended for the child, the court concluded:

> However, to the extent the custodial parent has met the present needs of the child from his own funds, he has fulfilled his "trustee" obligations (as well as his legal obligations as a parent) and is entitled to repayment from the one who was legally obligated by the decree to pay for the support of the child.... The one entitled to repayment may also, of course, forgive the debt. *Linton,* 336 N.E.2d at 695 (citations omitted).

Thus, the parents' agreement canceling accrued support payments was not automatically invalid. Accordingly, although a custodial parent cannot make an enforceable agreement that future support payments need not be made, where an arrearage has accrued that parent may, under appropriate circumstances, compromise or forgive the debt.

The conclusion in *Lizak* was relied upon by the Court of Appeals in *Moody v. Moody,* 565 N.E.2d 388 (Ind.App.1991) to decide who was entitled to receive an award of past due child support as between the custodial parent and an emancipated child. The trial court had determined that the noncustodial parent (Moody) had accrued an arrearage totaling $22,050.00 due to his failure to comply with orders to pay support on account of the parties' two children. The trial court also found that one of these children was emancipated and ordered one half of the arrears to be paid to her. When the custodial parent (Stremming) appealed this decision, the Court of Appeals, without even noting its earlier statements to the contrary in *Carson,* 89 N.E.2d at 558–559, reversed. Citing *Lizak,* the court ruled:

> Because Stremming presumably expended her own funds through the years to care for the children, she is entitled to collect the arrears.... We reverse the trial court on this issue, and instruct the trial court to order Moody to pay the entire payment of back support directly to Stremming. *Moody,* 565 N.E.2d at 392.

The conclusion which flow from these two lines of authority contradict one another. Decisions like *Ort, Pickett, Grace, Honkomp, Funnell, Jenkins, Carson* and *Corbridge* clearly articulate a rule under which child support is owed to the custodial parent as a trustee for the benefit of the child and that, when the required payments are not made, the noncustodial parent becomes a debtor to the custodial parent as trustee. Thus, the obligation to pay is not diminished by the custodial parent's failure to fulfill its own financial obligations to the noncustodial parent or any agreement it might make to forego support. *Lizak, Moody* and *Linton* stand in marked contrast to the general pronouncements concerning the custodial parent's fiduciary status. They reveal that the common characterization of the custodial parent as a "trustee" is used in a descriptive rather than a substantive context where past due support is concerned. Thus, the right to receive past due child support is a right of repayment which passes to the personal representative of the custodial parent's estate, as a debt due the decedent, and remains with the custodial parent, even though the "trust" may have terminated due to the child's emancipation.

The court is left to decide between the conflicting lines of authority represented by these cases. Since the issue before it is controlled by state law, it can give no more effect to the custodial parent's status as "trustee" than would the Indiana courts. Ultimately, the court must conclude that the Supreme Court's analysis in *Lizak* controls. This court is unable to distinguish how the right to collect support arrearages can be property of the custodial parent's probate estate but not property of its bankruptcy estate. All creditors of the deceased parent would have the right to make a claim against the probate estate, just as they have the right to make a claim against the bankruptcy estate.

 The parties have stipulated that the debtor used her own funds to pay for the care and support of her children, due to her

ex-husband's failure to pay support as ordered. Under these circumstances, the right to collect past due child support is a right to repayment which belongs to the debtor personally and not as trustee for the children. Therefore, the right to collect the arrears is an asset of the bankruptcy estate, pursuant to § 541(a), and is not excluded from it, pursuant to § 541(d). Debtor's claimed exemption in the asset is limited to $100.00.

The court will acknowledge that many might find its conclusion unsettling, based upon the reaction that including support arrearages in the bankruptcy estate somehow deprives the child of the source for providing for its needs. Greater reflection, however, will reveal that the same concerns which have motivated the Indiana courts to conclude that the right to collect an arrearage is a right of reimbursement are equally applicable in a bankruptcy context. Just as the custodial parent will have "presumably expended [its] own funds ... to care for the children," *Moody*, 565 N.E.2d at 392, so too will it have presumably incurred unpaid debts that exist because of the noncustodial parent's failure to pay support.[3] This is especially so where, as here, the amounts due the debtor include not only the weekly payments denominated as child support but also the obligation to pay various health care expenses for the children. While the debtor's liability to these creditors will be discharged, unless the asset that results from the debt is included in the estate, these creditors will have no source of payment. *See Selner v. Fromm*, 145 Ind.App. 378, 251 N.E.2d 127 (1969) (medical provider was not a proper party to enforce noncustodial parent's obligation to pay for children's medical expenses). Including past due child support in the bankruptcy estate causes both the asset and the debts which exist because of that asset to rest in the same place.

An appropriate order will be entered.

---

3. In this instance the total amount of all debtor's scheduled obligations, $23,416.39, is only slightly less than the amount of past due support, $22,000.00. But for the failure of debtor's former husband to fulfill his obligations under the divorce decree, it seems entirely likely that this bankruptcy might not have been necessary.