633 N.E.2d 1028 (1994)
In the matter of the Paternity of M.L.B.,
Grover Johnson, Appellant-Respondent below,
v.
Carol B., Appellee-Petitioner below.
No. 20A03-9311-JV-383.
Court of Appeals of Indiana, Third District.
May 16, 1994.
Rehearing Denied September 12, 1994.
Gregory K. Blanford, South Bend, for appellant.
Richard H. Mehl, Goshen, for appellee.
STATON, Judge.
Grover Johnson ("Father") appeals an order establishing his child support obligation, contending that the trial court erroneously excluded foster child per diem funds from the gross income of Carol B. ("Mother").
We affirm.
Evidence adduced at hearings before the trial court disclosed the following uncontroverted facts. Father earns wages of $678.00 weekly; Mother earns wages of $260.00 weekly. Mother's household consists of the parties' biological child, an adopted child, two wards, four foster children and one former foster child (now age 18). Mother receives *1029 $80.65 daily on behalf of her four foster children.[1]
The trial court calculated the amount of parental gross income available for child support by combining the parties' wages; the foster child per diem funds were specifically excluded. Record, p. 57. According to the Indiana Child Support Guidelines, parents with a combined gross income of $938.00 weekly have a basic child support obligation for one child amounting to $144.00 weekly. The trial court allocated this presumptive amount between the parties in proportion to their respective incomes.[2]
A determination of child support obligations predicated upon the Indiana Child Support Guidelines will be reversed only where the determination is clearly erroneous. Carr v. Carr (1992), Ind., 600 N.E.2d 943, 945.
Child Supp.G. 3(A)(1) defines "gross income" as "actual weekly gross income of the parent if employed to full capacity, potential income if unemployed or underemployed and imputed income based upon `in-kind' benefits." Father suggests that Mother must recognize imputed income because she receives "in-kind" benefits.
Child Supp.G. 3(A)(2) provides in pertinent part:
"Expense reimbursements or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business should be counted as income if they are significant and reduce personal living expenses. Such payments might include a company car, free housing, or reimbursed meals."
Father correctly contends that a parent whose living expenses are significantly reduced as a result of his or her employment or business enterprise should recognize imputed income. Leisure v. Leisure (1992), Ind. App., 589 N.E.2d 1163, 1174, rev'd in part on other grounds. However, we specifically reject Father's contention that Mother receives in-kind payments in the course of employment, self-employment, or operation of a business, as contemplated by Child Supp.G. 3(A)(2).
The statutory scheme governing foster care placement does not provide that foster parents are "employed" to perform custodial or supervisory duties. IND. CODE 12-17.4-4-1 et seq. Moreover, it is readily apparent that a per diem reimbursement of $20.16 per child does not include compensation for employment or provide a foster parent with a source of independent funds for personal expenditures.
Rather, foster care per diem funds are received by the foster parent acting in a fiduciary capacity. The funds assist the foster parent in fulfilling an assumed obligation to provide food, clothing and shelter for his or her foster child(ren) during the placement period.
Foster care per diem payments should be excluded as gross parental income under the Guidelines, consistent with the treatment of court-ordered child support payments arising from a former relationship. While alimony or maintenance received from other marriages is "gross income" of the obligor (Child Supp.G. 3(A)(1)), child support payments received from other marriages are not "gross income" of the parent. This is because funds received to facilitate a duty of day-to-day care are received in a fiduciary capacity. Whitman v. Whitman (1980), Ind. App., 405 N.E.2d 608, 613; Lizak v. Schultz (1986), Ind., 496 N.E.2d 40, 42; Jenkins v. Jenkins (1991), Ind. App., 567 N.E.2d 136, 140.
Finally, we address Father's contention that the trial court was required to articulate specific reasons supporting a deviation from the Guidelines. In Talarico v. Smithson *1030 (1991), Ind. App., 579 N.E.2d 671, 673, this court held that a trial court electing to deviate from the amount of child support reached through application of the Guidelines must set forth specific reasons for the deviation. The instant award was determined by precise application of the guidelines to the combined gross income of the parents; it does not involve a deviation from the guideline-based amount of child support. No findings supporting a deviation were required.
Affirmed.
HOFFMAN and CHEZEM, JJ., concur.
NOTES
[1] No funds are received on behalf of the two children under Mother's legal guardianship. An adoption subsidy (of an unspecified amount) is received by Mother on behalf of her adopted child.
[2] Father's support obligation was subsequently modified because of extraordinary travel expenses in connection with his employment.