Donald S. MALONE, Appellant–Respondent,

v.

Evelyn G. MALONE, Appellee–Petitioner.

No. 49A04–9507–CV–266.

Court of Appeals of Indiana.

Dec. 28, 1995.

Randall R. Shouse, Shouse & Langlois Legal Services, Indianapolis, for appellant.

Jackie S. Dodd, Indianapolis, for appellee.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Respondent–Appellant Donald S. Malone appeals the trial court's denial of his cross-petition for modification of child support and the grant of a petition for modification filed by Petitioner–Appellee Evelyn G. Malone.

We affirm in part and reverse in part.

*ISSUES*

Donald raises two issues for our review, which we restate as:

1. Whether the trial court abused its discretion in ordering Donald to pay child support in accordance with the Indiana Child Support Guidelines.

2. Whether the trial court abused its discretion in not crediting one hundred percent of tax obligations paid against a child support arrearage.

*FACTS AND PROCEDURAL HISTORY*

Donald and Evelyn were granted a divorce in Marion County on August 8, 1991. Evelyn was given custody of the two children of the marriage and Donald was ordered to pay $400.00 a month in child support. On September 6, 1994, Evelyn filed a "Verified Petition For Contempt And Petition For Modification Of Child Support," alleging the existence of an arrearage of support and a substantial change in circumstances warranting an increase in support.

Prior to the issuance of the decree of dissolution, Donald and Evelyn sold their marital home and split the proceeds. Subsequent to the issuance of the decree, Donald and Evelyn incurred a joint tax obligation for taxable years 1989 and 1990 with both the Internal Revenue Service and the State of California, stemming from the sale of the home. On October 21, 1994, Donald filed a "Cross–Petition For Modification Of Child Support," alleging that he was unable to make his child support payments because of the tax obligation resulting from Evelyn's failure to reinvest her share of the proceeds from the sale of the marital home.

On February 4, 1995, an evidentiary hearing was held on the parties' motions. Apparently finding the existence of a change of circumstances warranting a modification, the trial court ordered Donald to pay $140.00 per week in child support. The trial court further found that Donald was in arrears in the amount of $15,600.00 on his child support obligation. It ordered Donald to pay $20.00 per week toward the arrearage. The court also gave a credit against that arrearage for

a percentage of the tax obligation paid by Donald.

Donald subsequently filed a motion to correct errors, which was denied. He now appeals.

## DISCUSSION AND DECISION

### I. MODIFICATION OF SUPPORT

Donald contends the trial court abused its discretion in not deviating from the Indiana Support Guidelines in modifying child support. Donald contends that the higher cost of living in his home state of California, coupled with the requirement that he pay $260.00 per month toward the federal tax obligation of $3500.00, warrants a deviation from the guidelines.

The Indiana Support Rules declare that a trial court shall deviate from the presumptive amount set forth in the guidelines when it concludes that "the amount of the award reached through application of the guidelines would be unjust." Ind.Child Support Rule 3. The commentary accompanying Support Guideline 1 also advises judges to "avoid the pitfall of blind adherence to the computation for support without giving careful consideration to the variables that require a varying of the result in order to do justice." Ind. Child Support Guideline 1, Commentary. Thus, even though there is a presumption in favor of the guideline amounts, the presumption may be rebutted. *Id.*

■ A determination of child support based upon the guidelines will not be overturned on review unless it is clearly erroneous. *Matter of Paternity of Humphrey* (1991), Ind., 583 N.E.2d 133, 134; *Marmaduke v. Marmaduke* (1994), Ind.App., 640 N.E.2d 441, 443, *trans. denied.* The determination is clearly erroneous only if it "is clearly against the logic and effect of the facts and circumstances that were before the trial court." *Skinner v. Skinner* (1994), Ind. App., 644 N.E.2d 141, 146.

■ In the present case, Donald's weekly income was $676.00 per week. He was or-

dered by the trial court to pay the guideline amount of $140.00 per week as child support and an additional $20.00 per week toward the child support arrearage. In doing so, the court acknowledged that the court's order, coupled with his tax obligation of $60.00 per week, created a "heavy financial burden." (R. 78). We note, however, that the burden occasioned by the tax obligation is temporary. We cannot say that the trial court's award is clearly erroneous.[1]

### II. APPLICATION OF A CREDIT FOR PAYMENT OF THE TAX OBLIGATIONS

■ Donald contends that the trial court erred in crediting 66⅔% of the tax obligations against his child support arrearage. He argues that the trial court should have credited 100% of the tax obligations ($7,778.00) paid by him because the obligations were allegedly created by Evelyn's failure to reinvest proceeds from the sale of the marital residence. He further argues that all attorney fees and court costs ($1,020.00) should be credited against the arrearage. He reasons that his payment of the obligations "relieved the mother of that obligation and freed up additional income for her to use for the children ... in the nature of support generally...." Appellant's Brief at 9.

■ An obligated parent will not generally be allowed credit for payments not conforming to the support order. *Kaplon v. Harris* (1991), Ind., 567 N.E.2d 1130, 1133. In *DeMichieli v. DeMichieli* (1992), Ind.App., 585 N.E.2d 297, 302, we were asked to credit the purchase of automobiles by the non-custodial parent for the children against an arrearage. We explained that credit will only be allowed in three narrow situations:

(1) when the proof offered is sufficient to convince the trier of fact that the judicially required support payments have actually been made by the obligated party to the person entitled even though the payments are technically non-conforming; (2) the

---

1. Donald presented no evidence to establish the cost of living in California. Even assuming that the cost of living in the state of the obligated parent's residence is relevant to a determination

of child support, we cannot say that the trial court erred as its determination must be based only upon the evidence before it.

parties have agreed to and carried out an alternative method of payment which substantially complies with the spirit of the decree, and (3) where the obligated parent by agreement has taken the children in his or her home, assumed custody of them, provided them with necessities, and has exercised parental control over their activities for such an extended period of time that a permanent change of custody has in effect occurred.

*Id.* (quoting *In re Marriage of Baker* (1990), Ind.App., 550 N.E.2d 82, 87). We held that the purchase of the automobiles could not be credited against the arrearage.

In the present case, the payment of the tax obligation was not a conforming or a technically non-conforming support payment. Furthermore, it was not an alternative method of payment which substantially complied with the spirit of the decree. *See Kaplon,* 567 N.E.2d at 1132.

■ Evelyn does not appeal the trial court's credit of 66⅔% of the tax payments against the arrearage. Normally, failure of a party to raise an issue results in waiver of that issue. However, Evelyn, as the custodial parent, acts in a fiduciary capacity when receiving child support payments, *See Jenkins v. Jenkins* (1991), Ind.App., 567 N.E.2d 136, 140; *see also In the Matter of Henady* (Bankr.N.D.Ind.1994), 165 B.R. 887, 889. In *Jenkins,* we held that it was improper for the custodial parent to offset an obligation owed to the payor parent by allowing the payor to withhold support payments. *Id.* In essence, by failing to raise the issue of the propriety of the trial court's order, Evelyn is allowing an offset of the perceived obligation to Donald. We cannot allow her to do so.

### CONCLUSION

The trial court's modification of child support was not clearly erroneous. Furthermore, the trial court did not err in refusing to give a 100% credit against the support arrearage for tax obligations paid by Donald. However, we find *sua sponte* that the trial court erred in giving the 66⅔% credit. We reverse and remand with instructions that the trial court enter an order denying credit against the child support arrearage for payment of tax obligations.

Reversed and remanded.

SULLIVAN, J., concurs.

DARDEN, J., concurs in part and dissents in part with separate opinion.

DARDEN, Judge, concurring in part and dissenting in part.

I respectfully concur in part and dissent in part.

In regard to Issue II, I believe the majority's approach in raising the issue of the propriety of the trial court's award of credit against Donald's child support arrearage *sua sponte* is correct. Furthermore, I agree with its determination that, pursuant to *DeMichieli, Kaplon,* and *Baker,* the trial court erred by allowing Donald a two-thirds (66⅔ %) credit against the child support arrearage. Clearly, the credit for Donald's having paid a substantial portion of the couple's tax liability was not a conforming child support payment.

However, given what appears to be the undisputed facts that the California and Federal tax liabilities, which Donald paid, arose as a result of Evelyn's failure to reinvest her share of the proceeds from the sale of the couple's marital home and that she did not contest the credit the trial court awarded Donald, I respectfully disagree with the majority's resolution of Issue I.

It appears fairly obvious that in allowing Donald the credit against the child support arrearage, the trial court was merely attempting to resolve the financial inequity created by Evelyn's actions. Thus, I believe the trial court, pursuant to Ind.Code 31–1–11.5–12(a)(4), was considering "the financial resources and needs of the non-custodial parent" in formulating the credit. Furthermore, because we review the modification of a child support order only for an abuse of discretion, *In re Marriage of Tearman* (1993), Ind.App., 617 N.E.2d 974, 977, it is axiomatic that the trial court is in the best position to assess the financial resources and needs of the non-custodial parent and, accordingly, formulate

an equitable child support award, or modification thereof.

Therefore, rather than affirm the trial court's modification of the child support order, I would remand the case to the trial court for a reconsideration of the modification in light of the majority's disposition of Issue II, thereby giving the trial court the opportunity, if it so chooses, to correctly achieve through modification of the child support order its original objective to consider Donald's financial resources and needs.