Mark A. WARSCO, Trustee of the Bankruptcy Estate of Dorothy J. Hambright, Appellant–Intervenor,

v.

Dorothy J. HAMBRIGHT, Appellee–Petitioner,

and

Robert Edwards, Jr., Appellee–Respondent.

No. 02A04–0004–CV–140.

Court of Appeals of Indiana.

Sept. 29, 2000.

Theodore T. Storer, Rothberg, Logan & Warsco, L.L.P., Fort Wayne, Indiana, Attorney for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, Jon Laramore, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellees.

## OPINION

ROBB, Judge

### Case Summary

Mark A. Warsco, trustee of the bankruptcy estate of Dorothy Hambright, appeals from the trial court's denial of his motion to intervene. We reverse.

### Issue

Warsco raises one issue for our review, which we restate as whether a bankruptcy trustee can intervene in a state court proceeding to collect past due and outstanding child support monies owed to a custodial parent who filed for bankruptcy.

### Facts and Procedural History[1]

In 1984, Hambright initiated a paternity action against Robert Edwards, Jr. ("Father"). She was granted custody of the parties' three children. Father was ordered to pay support but failed to do so and is in arrears.[2] In 1994, Hambright assigned her rights to collect child support to the State. In 1999, Hambright filed bankruptcy. Warsco was assigned to be the trustee to administer the bankruptcy estate.

Wanting to collect on the past due child support, Warsco sought to intervene in the paternity action. The trial court denied

his motion to intervene and subsequent motion to correct errors. Warsco, then properly instituted this interlocutory appeal.

Additional facts will be provided as necessary.

### Discussion and Decision

#### Motion to Intervene

■ Warsco contends that he is entitled to intervene under Indiana Trial Rule 24(A) because he has an interest in the subject of the proceeding, namely the child support; his interests would be impaired if he were not allowed to intervene; and no other party to the action adequately represents his interests. We agree.

■ Before we delve into the discussion of intervention, we pause to note that trustees, like Warsco, have many options available to them in situations such as these. Trustees can choose to bring an action themselves, if no other action relating to the subject matter in interest is pending; trustees can be substituted for parties in actions already pending; or trustees can choose to intervene. "One who is not an original party to a lawsuit may of course become a party ... by intervention, substitution, or third-party practice." *City of New Haven v. Chemical Waste Management of Indiana, L.L.C.*, 685 N.E.2d 97, 102 (Ind.Ct.App.1997), *trans. dismissed.* Here, because an action was pending and because Hambright[3] may still have some rights with respect to the subject matter involved, that is, the child support, Warsco's proper course of action was to intervene.

■ With respect to such intervention, Indiana Trial Rule 24(A) states:

Upon timely motion anyone shall be permitted to intervene in an action:

---

1. The State's request for oral argument is hereby denied.

2. As of August 4, 1998, father was $19,448.83 in arrears.

3. Or, the State may actually have an interest in the arrearage, because Hambright assigned her rights to the State. The result is still the same: because another party may have an interest, intervention is appropriate.

(1) when a statute confers an unconditional right to intervene; or

(2) when the applicant claims an interest relating to a property, fund or transaction which is the subject of the action and he is so situated that the disposition of the action may impede his ability to protect his interest in the property, fund or transaction, unless the applicant's interest is adequately represented by existing parties.

Thus, intervention as a matter of right is based upon a three-part test. *In re Paternity of E.M.*, 654 N.E.2d 890, 892 (Ind.Ct. App.1995). First, the intervenor must demonstrate that he has an interest in the subject of the action; second, that the disposition of the action may impede protection of that interest; and finally, that representation of the interest by existing parties is inadequate. *Id.*

Here, the State has conceded that "the primary question is whether [Warsco] has a legal interest in the subject matter – the child support at issue in this case." Brief of Appellee Dorothy J. Hambright at 4. Thus, we will focus our discussion on this factor; the other two factors involved with Indiana Trial Rule 24(A) will not be discussed.

■ "The analysis of what constitutes an 'interest' under T.R. 24(A) to require intervention leads one into a legal quagmire which resolves little but the immediate decision." *In re Paternity of E.M.*, 654 N.E.2d at 892. In Indiana, we have adopted a rather narrow construction of Trial Rule 24. *Id.* at 893. Thus, "an applicant seeking intervention must claim an immediate and direct interest in the proceedings." *Id.* Basically, the intervenor must have an interest which is recognized by law and which relates to the subject of the action in which intervention is sought. *Id.*

Whether Warsco has such an interest requires that we first determine what interest Hambright, as the custodial parent, has in past due child support. In *Lizak v. Schultz*, 496 N.E.2d 40 (Ind.1986), our supreme court held that the subsequent husband of a deceased, custodial parent had standing to collect outstanding child support in the probate of the estate. 496 N.E.2d at 43. *Lizak* held that, although the custodial parent may be considered a trustee of the non-custodial parent's ongoing obligation to pay child support, the custodial parent discharges her trusteeship by expending her own funds to provide food, clothing, and shelter for the child. Therefore, once the child support is past due, she becomes entitled to collect the arrearage from the one who is legally obligated to pay. *Id.* at 42. Because the arrearage was due to the custodial parent, the probate estate was entitled to collect the past due child support payments. *Id.*

■ *Lizak* provides us with sound reasoning, and we see no reason to reach a different result under the facts before us. Once child support is past due, the money to provide food, clothing, and shelter has nevertheless been expended by the custodial parent. Thus, the trusteeship in that support amount has been terminated, and the arrearage is due to the custodial parent. We find no reason to deviate from this. We therefore proceed with our analysis by deciding how the custodial parent's rights with respect to past due support relate to a bankruptcy estate.

■ Relying on *Lizak*, the United States Bankruptcy Court for the Northern District of Indiana held in *Matter of Henady*, 165 B.R. 887 (Bankr.N.D.Ind.1994), that past due child support is an asset of the debtor. The *Henady* decision stated that, because the custodial parent provided food, clothing, and shelter for the children at the time the support was due, the custodial parent's trusteeship is discharged. *Henady*, 165 B.R. at 891. Thus, the custodial parent is entitled to collect from the parent who is legally obligated to pay. *Id.* at 891–92. As such, "the right to collect unpaid support is a right of reimbursement, which belongs to the custodial par-

ent personally rather than in a fiduciary capacity for the benefit of the child." *Id.* at 892. Because the right to collect the past due funds belongs to the custodial parent, the right to ultimately collect the arrears becomes an asset of the bankruptcy estate. *Id.* at 893. Therefore, Warsco does indeed have an interest in the past due child support. The trial court erred in denying his motion to intervene.

 The State argues that the right to support lies with the child and that a parent cannot contract away the right to child support. Further, the State points out that a custodial parent acts as a trustee of child support payments for the use and benefit of the child.[4] These statements are true, but only with respect to *future* child support, not past due child support.[5] *Henady* explains that because the past due support was "made up" through funds of the custodial parent at the time they were due, the parent therefore discharges her duty as trustee of those sums. However, to the extent that the custodial parent can *prove* that a child may not have received certain things, for example, a bicycle, certain clothing, or similar other needs, then the amount needed for such items would not be an amount that the custodial parent has heretofore

expended and therefore would not be entitled to collect from the obligor. As such, that specific amount would not be included as an asset of the bankruptcy estate. This, however, does not preclude intervention in as much as the trustee continues to have an interest in the collection of the past due child support.

### Conclusion

We hold that the trial court erred in denying Warsco's motion to intervene because Warsco has an interest in the past due child support. Accordingly, the judgment of the trial court is reversed.

Reversed.

MATHIAS, J., and MATTINGLY, J., concur.

---

4. The State argues in its brief that other jurisdictions have adopted the view that the right to support belongs to the child. We are hard pressed to follow the instruction of other jurisdictions when both *Lizak* and *Henady* are instructive. Further, we continue to hold that *Henady* is good law, despite the State's assertions to the contrary, urging us to note that there is a "trend" indicating otherwise. The State directs us to Indiana Code sections 31–16–16–2, 31–16–16–3, and 31–16–16–6 to support its assertion that the reasoning of cases like *Lizak* and *Henady* have been undercut. However, these code sections merely establish that delinquent child support payments are treated as a judgment against the obligor, establish a lien against the obligor's property, and the obligor's duty to pay a delinquent support payment cannot be retroactively modified. Although the statutes address past due child support, the conclusion that these statutes undermine the rationale of *Lizak* or *Henady* is erroneous. These statutes merely pro-

vide guidelines with respect to child support; they do not in any way make the holdings of *Lizak* and *Henady* now inapplicable. Finally, we decline the offer to ignore the law of *Henady* despite the State's argument that bankruptcy law lends special treatment to child support.

5. Custodial parents who receive child support are considered trustees. *Nill v. Martin*, 686 N.E.2d 116, 118 (Ind.1997). The custodial parent holds the support funds for the use and benefit of the child. *Id.* However, as *Lizak* states, it follows that once the support is past due, the custodial parent has expended her own funds for the use and support of the child. Thus, the trusteeship with respect to the past due support is discharged. However, with respect to any future child support, the trusteeship continues and neither parent has the right to contract away future support benefits. *Id.*