Gary GIBSON, Commissioner, Indiana Bureau of Motor Vehicles, et al., Appellant–Respondent,

v.

Richard HAND, Appellee–Petitioner.

No. 40A01–0105–CV–193.

Court of Appeals of Indiana.

Oct. 5, 2001.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Respondent, Gary Gibson, Commissioner, Indiana Bureau of Motor Vehicles (the BMV), appeals the trial court's grant of Appellee–Petitioner's, Richard Hand (Hand), Verified Petition for Hardship Driver's License (Petition).

We reverse.

### ISSUE

The BMV raises one issue on appeal, which we restate as follows: whether the trial court erred in granting Hand a restricted commercial driver's license (CDL) during a period in which his operator's license was suspended due to a chemical test failure.

### FACTS AND PROCEDURAL HISTORY

On February 22, 2001, Hand filed his Petition because his driving privileges were administratively suspended due to a chemical test failure. Ind.Code § 9–30–6–9(b). Hand's Petition requested that he be issued a restricted driving permit, because he is employed as a truck driver at Indy Transport, Inc. and needs to be able to drive for his job. The BMV filed its response in opposition to Hand's Petition on March 7, 2001. On March 20, 2001, a hearing was held on Hand's Petition.

On March 21, 2001, the trial court granted Hand's Petition. On March 22, 2001, the trial court entered an Amended Order, which granted Hand's Petition and held that Hand "is not prohibited from operating a commercial motor vehicle." (Appellant's Appendix at 6). The BMV now appeals.

### DISCUSSION AND DECISION

■ Initially, we note that Hand has not filed an appellee's brief. When an appellee does not submit a brief, an appellant may prevail by making a prima facie case of error. *National Oil & Gas, Inc. v. Gingrich,* 716 N.E.2d 491, 497 (Ind.Ct.

App.1999). Prima facie in this context is defined as "at first sight, on first appearance, or on the face of it." *Kentucky Truck Sales, Inc. v. Review Bd. of Indiana Dept. of Workforce Development,* 725 N.E.2d 523, 526 (Ind.Ct.App.2000) (quoting *Santana v. Santana,* 708 N.E.2d 886, 887 (Ind.Ct.App.1999)). Such a rule protects this court and relieves it from the burden of controverting arguments advanced for reversal, a duty that properly remains with counsel for the appellee. *National Oil & Gas, Inc.,* 716 N.E.2d at 497.

With the above in mind, we review the BMV's argument to determine whether it presents a prima facie case of error that the trial court improperly granted Hand's Petition. Ind.Code § 9–24–15–10 provides: "Notwithstanding any other provision of this chapter, an individual may not receive a restricted driver's license to operate a commercial motor vehicle if the individual's driving privileges are suspended for an alcohol or drug violation under IC 9–30–5 or 49 CFR 391.15." The BMV admits that Hand's driving privileges were not suspended for an alcohol or drug violation under Ind.Code § 9–30–5 or 49 C.F.R. § 391.15. In fact, Hand's driving privileges were suspended under Ind.Code § 9–30–6–9(b), which states as follows:

> (b) If the affidavit under section 8(b) of this chapter states that a chemical test resulted in prima facie evidence that a person was intoxicated, the bureau shall suspend the driving privileges of the person:
>
> > (1) for one hundred eighty (180) days; or
> >
> > (2) until the bureau is notified by a court that the charges have been disposed of;
>
> whichever occurs first.

The trial court, being aware of these statutes, found that:

From this, the Court can only presume the General Assembly knows the difference between an administrative suspension under § 9–30–6–9 and a court ordered suspension under IND. CODE § 9–30–5–10. Had the General Assembly intended to prohibit operation of a commercial motor vehicle under § 9–24–15–10 by a person administratively suspended, the Court can only presume they [sic] would have said so referring to IND. CODE § 9–30–6–9. From a public policy standpoint, it is also logical the General Assembly did not intend to deprive people of a C.D.L. unless a *court* had decided they should be suspended after a conviction or finding of guilt and other protections afforded by due process and the presumptive [sic] of innocence.

(Appellant's Appendix at 6–7). The BMV does not disagree with the trial court's analysis. Rather, it maintains that the Indiana Code sections mentioned above are preempted by federal law.

Under the Supremacy Clause of the United States Constitution, federal law is the supreme law of the land, and state law which conflicts with federal law is without effect. *Ziobron v. Crawford,* 667 N.E.2d 202, 206 (Ind.Ct.App.1996), *reh'g denied, trans. denied.* The intent of Congress to preempt state law may be expressed in a statute's language or implied in a statute's structure and purpose. *Id.* If the preemption question is not settled by a precise and narrow application of a statute's language, we must determine whether the state law in question actually conflicts with federal law. *Id.* "State law actually conflicts with federal law where it is impossible for a citizen to comply with both state and federal requirements or if state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.*

Additionally, 49 U.S.C.A. § 31311 provides, in pertinent part, as follows:

(a) General.—To avoid having amounts withheld from apportionment under section 31314 of this title, a State shall comply with the following requirements:

\* \* \*

(10)(A) The State may not issue a commercial driver's license to an individual during a period in which the individual is disqualified from operating a commercial motor vehicle or the individual's driver's license is revoked, suspended, or canceled.

(B) The State may not issue a special license or permit (including a provisional or temporary license) to an individual who holds a commercial driver's license that permits the individual to drive a commercial motor vehicle during a period in which—

(i) the individual is disqualified from operating a commercial motor vehicle; or

(ii) the individual's driver's license is revoked, suspended, or canceled.

\* \* \*

(b) State satisfaction of requirements.— A State may satisfy the requirements of subsection (a) of this section that the State disqualify an individual from operating a commercial motor vehicle by revoking, suspending, or canceling the driver's license issued to the individual.

■ This federal statute subjects Indiana to a potential loss of federal funding if it does not comply with 49 U.S.C.A. § 31311. Clearly, the trial court's grant of Hand's Petition directly conflicts with 49 U.S.C.A. § 31311(a)(10), as it requires the BMV to issue Hand a restricted CDL during a period in which his operator's license was suspended due to a chemical test failure.

Consequently, we find that the BMV has presented a prima facie case of error. Although Indiana law does not deny Hand the issuance of a restricted CDL, the BMV has established that Indiana will be subject to a loss of federal funds if it issues Hand a restricted CDL. Thus, it would be impossible to issue Hand a restricted CDL in compliance with the law of Indiana without conflicting and/or creating an obstacle to the accomplishment and execution of the full purposes and objectives of Congress, i.e. 49 U.S.C.A. § 31311(a)(10). *See Ziobron*, 667 N.E.2d at 206. Therefore, we find that the trial court erred in granting Hand's Petition.

Reversed.

SHARPNACK, C.J., and NAJAM, J., concur.