**In re the Matter of Dorothy J. HAMBRIGHT.**

**Mark A. Warsco, Trustee, Appellant (Intervenor Below),**

v.

**Dorothy J. Hambright, Appellee (Petitioner below),**

**Robert Edwards, Jr., Appellee (Respondent below).**

No. 02S04–0104–CV–212.

Supreme Court of Indiana.

Jan. 31, 2002.

Theodore T. Storer, Fort Wayne, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Jon Laramore, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**ON PETITION TO TRANSFER**

BOEHM, Justice.

We granted transfer in this case to address whether child support arrearages owed to a custodial parent are assets of

the parent's bankruptcy estate. We hold that they are not. Rather, like current and future support obligations, they constitute property held in trust for the benefit of the children.

This is an appeal in an action commenced in 1984 when Dorothy Hambright brought a paternity action against Robert Edwards, Jr. In 1985, Hambright was granted custody of her three children and awarded child support. Edwards fell behind in support and the total arrearage exceeded $19,000 when Hambright assigned her rights to the State in 1994.

On February 16, 1999, Hambright filed a Chapter 7 bankruptcy. On June 29, Mark A. Warsco, the trustee of her bankruptcy estate, sought to intervene in the paternity action claiming "an interest relating to a property ... which is the subject of the action" under Trial Rule 24(A)(2). After argument, the trial court denied the petition to intervene: "The Court finds that said relief would be contrary to public policy concerning child support, and therefore, denies said Motion to Intervene and Receive Payments for Child Support Arrearage." Warsco filed a motion to correct error, which also was denied:

> The Court finds that when a non-custodial parent fails to timely pay child support, the child sustains a loss in the form of a reduced standard of living; and child support arrearages are funds owed the custodial parent, to be collected, held, and expended as fiduciary for the benefit of the child.

The trial court then certified the order denying intervention for interlocutory appeal. The Court of Appeals accepted jurisdiction and held that child support arrearages were an asset of the custodial parent and therefore Warsco could intervene as a matter of right. *Warsco v.*

*Hambright*, 735 N.E.2d 844 (Ind.Ct.App. 2000). We granted transfer to address the nature of child support arrearages in Indiana.

## I. Warsco's Rights and Duties as Bankruptcy Trustee

Under section 704 of the Bankruptcy Code, the trustee is to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704 (1994). The trustee has an interest in any asset to the extent that the debtor has an interest in it and is required to include the property in the estate. Whether property is an asset of the debtor, and therefore an asset of the bankruptcy estate, is generally a matter of state law. *Barnhill v. Johnson*, 503 U.S. 393, 398, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992).

Warsco's right to intervene in Hambright's paternity action is controlled by Trial Rule 24(A). It states:

(A) Intervention of right. Upon timely motion anyone shall be permitted to intervene in an action:

(1) when a statute confers an unconditional right to intervene; or

(2) when the applicant claims an interest relating to a property, fund or transaction, which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interest in the property, fund or transaction, unless the applicant's interest is adequately represented by existing parties.[1]

Because no statute gives Warsco an unconditional right to intervene, he claims a right to intervene only under Trial Rule

---

1. Warsco raises no issue under Trial Rule 24(B)(2) governing permissive intervention.

24(A)(2) as the holder of "an interest relating to a property . . . which is the subject of [this] action." Therefore, Warsco's ability to intervene, like his claim to the arrearages under the Bankruptcy Code, turns on whether Hambright has a property interest in the arrearages.

## II. Hambright's Interest in Child Support Arrearages

▮▮▮ It has long been held that "the right to support lies exclusively with the child, and that a parent holds the child support payments in trust for the child's benefit." *Bussert v. Bussert*, 677 N.E.2d 68, 71 (Ind.Ct.App.1997), *trans. denied.* The custodial parent acts as a trustee of the payments and is to use them for the benefit of the child. *Straub v. B.M.T. by Todd*, 645 N.E.2d 597, 599 (Ind.1994). As the constructive trustee, the custodial parent may not contract away the benefits of the constructive trust, and neither the parents nor the child may informally effect a modification or annulment of accrued benefits. *Cf. Nill v. Martin*, 686 N.E.2d 116, 118 (Ind.1997).

▮▮ Warsco does not appear to contest the general proposition that parents hold current and future support as trustees for the children, but he argues that past child support arrearages are property of the custodial parent. He bases this contention on the premise that the custodial parent has already made up for the missed support by providing food, clothing, and other necessities from other sources during the period when child support was not paid. Under this view, the arrearages merely reimburse the custodial parent for his or her expenditures that should have come from the support payments in the first place.

Warsco's position is supported by *In the Matter of Henady*, 165 B.R. 887, 893 (Bankr.N.D.Ind.1994), which concluded that, under Indiana law, "the right to collect past due child support is a right to repayment which belongs to the debtor personally and not as trustee for the children." Thus, *Henady* allowed the bankruptcy trustee to collect the arrears as an asset of the bankruptcy estate. *Id.* However, we believe *Henady* does not reflect the current status of Indiana law.

The court in *Henady* based its conclusion, in large part, on this Court's holding in *Lizak v. Schultz*, 496 N.E.2d 40, 42 (Ind.1986). In *Lizak*, this Court held that the representative of the estate of a deceased custodial parent was entitled to recover child support arrearages without proving the amount of money that had been spent on the children. In discussing the nature of child support, citing cases dating from 1865, we noted:

> The description of the children's custodian as a trustee has distant origins in our law. Early cases seem to use this term to differentiate alimony, paid to the former spouse for her benefit, from child support, payable to the custodian of the child, regardless of whether the custodian is a parent or not. It has been used to describe the relationship between child and custodian and the obligation of the latter to seek enforcement of the support order. It has not been used to permit the non-paying parent to avoid the obligation of a support order.
>
> Clearly, one who has present custodial responsibility can collect ongoing payments for the support of the child. Only he can be the trustee of the non-custodial parent's ongoing obligation to pay. Similarly, one who has had the obligation to care for a child and has advanced his own funds to do so is entitled to collect the arrears from the non-custodian.

*Id.* at 42 (citations omitted).

Warsco argues that because in *Lizak* this Court allowed the decedent's estate to

recover the child support arrearages, the arrearages belong to the custodial parent and can be included in the bankruptcy estate of the custodial parent. *Lizak* rejected the delinquent parent's effort to avoid his child support obligation by forcing the custodian to reconstruct years of support. The practical effect of *Lizak* is that a custodian may not be forced to reconstruct years of a family's often poorly documented finances as a precondition to collection of support. It prevents the non-custodial parent from raising an alleged misapplication of the funds as a defense to payment. Indiana law allows the non-custodial parent to request an accounting demonstrating that child support funds were spent on the child. Ind.Code § 31–16–9–6 (1998). The accounting remedy is available if there is a serious dispute as to the proper application of the funds, but refusal to pay is not an option available to the non-custodial parent. All of this is consistent with the view that the children are the beneficiaries of the funds owed to the custodial parent as trustee. Indeed, in rejecting the claim that the representative needed to prove that the custodial parent had come up with the amount of arrearages from her own funds, *Lizak* described the obligation of the non-custodial parent as that of a "debtor to the mother trustee." 496 N.E.2d at 42 (quoting *Corbridge v. Corbridge*, 230 Ind. 201, 206, 102 N.E.2d 764, 767 (1952), and *Grace v. Quigg*, 150 Ind.App. 371, 378, 276 N.E.2d 594, 598 (1971) (citations omitted)). And *Lizak* refers to the custodial parent as "the trustee

of the non-custodial parent's ongoing obligation to pay." 496 N.E.2d at 42.

The second case upon which *Henady* relied is *Linton v. Linton*, 166 Ind.App. 409, 336 N.E.2d 687 (1975). That case dealt with the enforceability of an agreement between the parents to discharge the father's delinquent support payments for less than the full amount due. The Court of Appeals held that although a custodial parent cannot make an enforceable agreement that future support payments need not be made, when an arrearage accrues the custodial parent may compromise or forgive the debt if "the children had indeed received all of the benefits intended in the original decree." *Id.* at 423, 336 N.E.2d at 695. The record in *Linton* did not reveal whether in fact the custodial parent had made up the shortfall. The court assumed that the trial court had so determined and upheld the custodial parent's release of the delinquent support. Accordingly, Warsco and the Court of Appeals correctly suggest that *Linton* implies that if the custodial parent can be shown to have made up the deadbeat's shortfall, the shortfall belongs to the custodial parent.

However, *Linton* was decided before Indiana Code sections 31–16–16–2 through 6 were enacted[2] and before this Court's holding in *Nill v. Martin*. Modification of support arrearages is now prohibited by section 31–16–16–6, which permits a court to modify a delinquent support payment only in two instances not relevant here.[3] *Cf. Beehler v. Beehler*, 693 N.E.2d

---

**2.** Indiana Code section 31–16–16–2 (formerly Ind.Code § 31–2–11–8) provides that any delinquent support payments automatically become a judgment against the noncustodial parent. Indiana Code section 31–16–16–3 (formerly I.C. § 31–2–11–9) provides that the judgment automatically becomes a lien against the noncustodial parent's real and personal property. Finally, Indiana Code section 31–16–16–6 (formerly I.C. § 31–2–11–12)

provides that the courts cannot modify the duty to pay a delinquent support payment. This plainly shows the legislature's policy of preserving the child support for the children.

**3.** These exceptions are Indiana Code section 31–14–19–1, which addresses full faith and credit issues raised by foreign decrees, and section 31–16–16–6(b), which permits modification of only those payments that are due

638, 640 (Ind.Ct.App.1998) ("A court is without power to retroactively modify an obligor's duty to pay a delinquent child support payment."). Similarly, in *Nill* this Court stated, "[O]nce funds have accrued to a child's benefit under a court order, the court may not annul them in a subsequent proceeding." 686 N.E.2d at 118. *Nill* went on to invalidate an informal agreement made by the parents, then adopted by the trial court, to reduce the amount of child support below the amount ordered in the divorce decree. *Nill* makes clear that even as to back child support the role of the custodial parent remains that of a constructive trustee. *Id.*

### III. Warsco Has No Right to Intervene

■ We conclude that practical considerations and basic policy concerns prohibit permitting proof of the source of expenditures for the children to establish the custodial parent's individual right to arrearages. As a matter of law, arrearages, like current and future support, are held for the children, and the custodial parent has no individual property interest in them.[4] The Court of Appeals in the present case took the view that if the custodial parent had supplied the shortfall in support, the custodial parent in her individual capacity became subrogated to the trustee's claim against the non-custodial parent and was free to release it. We agree that *Linton* implies that proof of the custodial parent's replacement of the imposed support would render enforceable

the parents' agreement to forego back support. On the other hand, *Lizak* holds that the non-custodial parent may not prove failure to make up the shortfall to rebut a claim by the custodial parent.

■ There is a facial inconsistency in holding, as we do, that proof of replacement may not be offered or required to establish that the back support is an asset of the custodial parent individually, not of that parent as constructive trustee. However, we think more recent legislative policy to preclude a court's retroactive adjustment of support is evident. Moreover, these amounts are typically small in relation to the cost of reconstructing the family's finances over a period of years. Litigation over the degree to which the children did or did not suffer from a support shortfall raises a potentially endless list of debatable contentions and issues. In addition, if past support becomes a negotiable item between the parents, the door is opened to alter support by first triggering an agreed delinquency, and then trading past dollars for nonnegotiable future obligations.

For all these reasons, we think the preferable rule, and the rule dictated by current statutes, is that the issue is not open to litigation. The effect of this rule is to preclude the parents, with or without the children's concurrence, from agreeing on a reduction in past support. It also precludes creditors from reaching past support. In an unusual case where the parties' agreement is reasonable and fully

---

after the notice of a petition to modify is delivered and before a final judgment is entered.

4. At the time of Warsco's motion to intervene, Hambright's three children were ages 18, 19, and 23. The record does not include the support order, nor does it indicate any circumstances under which Hambright's children would no longer be entitled to support

or education expenses. We may not presume the emancipation of Hambright's children. *Cf. Dennison v. Dennison,* 696 N.E.2d 88, 89 (Ind.Ct.App.1998). Therefore, we leave for another day the issue of whether the nature of the custodial parent's interest in an arrearage changes after a non-custodial parent's duty to support ends.

consistent with the children's interests, this rule may produce some unfairness. It is also conceivable that colluding parents could seek to use this doctrine to defraud creditors, but misuse should be subject to other remedies. The offsetting benefit is preclusion of lengthy and expensive court intervention in the far more frequent circumstance, including this one, where the transactional costs are likely to exceed the benefit to any party, and the children will be the losers.

Viewing child support arrearages as an asset held in trust for the children is supported by larger policy concerns as well. Insuring protection and support for the children of Indiana is an important state policy. The Indiana Child Support Guidelines have been enacted to "establish as state policy an appropriate standard of support for children, subject to the ability of parents to financially contribute to that support." Ind. Child Support Guideline 1. The Income Share Model was adopted in Indiana because it "was perceived as the fairest approach for children because it is based on the premise that children should receive the same proportion of parental income after a dissolution that they would have received if the family had remained intact." *Id.* at cmt. If child support arrearages are property of the custodial parent, subject to the parent's creditors, this important goal will not be met. Moreover, it is frequently the case that custodial parents are simply unable to replace the missing child support. If so, the child goes without until the delinquent parent pays. If creditors of the parent take precedence as to these funds, the children will never be fully compensated.

In sum, "[t]he bankruptcy court's jurisdiction over [debtor's] property extends only as far as [the debtor's] particular interest in the property." *Marrs–Winn Co., Inc. v. Giberson Elec.,*

*Inc. (In re Marrs–Winn Co., Inc.),* 103 F.3d 584, 589 (7th Cir.1996). Child support arrearages are held by the custodial parents for the benefit of the children. As such, child support arrearages are not property of the custodial parent, and a trustee in bankruptcy has no interest in them. Accordingly, Warsco has no right to intervene in the proceeding.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.