**FOR PUBLICATION**



**FILED**
Nov 27 2013, 5:57 am

CLERK
of the supreme court,
court of appeals and
tax court

<u>APPELLANT PRO SE</u>:

**DEBRA A. ROOP**
Louisville, Kentucky

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEBRA A. ROOP, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 88A01-1304-DR-171 |
| | ) | |
| DEAN A. BUCHANAN, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE WASHINGTON SUPERIOR COURT
The Honorable Frank Newkirk, Judge
Cause No. 88D01-9402-DR-38

**November 27, 2013**

**OPINION - FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Petitioner, Debbie Roop (Roop), appeals the trial court's order to pay her child support arrearage to Tina Buchanan (Buchanan).

We affirm in part and reverse in part.

## ISSUE

Roop raises one issue on appeal, which we restate as: Whether the trial court abused its discretion when it ordered Roop to pay her child support arrearage to her adult child, Buchanan, instead of to Appellee-Respondent, Dean Buchanan (Dean), who is deceased.

## FACTS AND PROCEDURAL HISTORY[1]

Roop and Dean dissolved their marriage in 1994. During the marriage, two children were born: Buchanan, now 28 years-old, and Jessi D. Buchanan, now 23 years-old. The two children resided with Dean, and Roop was ordered to make regular child support payments. Over time, Roop accrued a child support arrearage of approximately $22,000. For the last ten years, Roop has made regular child support payments as well as payments towards her arrearage. She currently pays $20 every two weeks towards her obligation and her arrearage has decreased to approximately $9,400.

---

[1] Pursuant to Indiana Appellate Rule 49(A), Appellant "shall file its Appendix with its appellant's brief." The purpose of an Appendix is to present this court with "those parts of the record on appeal that are necessary to decide the issues presented." Ind. Appellate Rule 50(1). Roop failed to submit an Appendix with her appellate brief and consequently, also failed to include citations and references to the relevant materials that would otherwise have been included in the Appendix. As a result, we must necessarily rely on Roop's factual recitation in her brief without an opportunity to verify her statements.

Dean died on October 26, 2012. After his death, Roop contacted the trial court requesting relief for the remaining arrearage of her child support obligation. On November 16, 2012, the State of Indiana, as an Intervenor, filed a motion to determine the amount of child support arrearage and payment. On January 22, 2013, the trial court conducted a hearing on the motion. During the hearing, the State advised that the recipient of the child support, Dean, was deceased and requested guidance with respect to the distribution of child support payments which had been put on hold. Roop, in turn, requested relief of the arrearage as the recipient was deceased and no estate had been opened. Buchanan testified that she had assumed her father's funeral expenses in the amount of $8,026. She requested to be assigned the recipient of the child support arrearage, which she would apply towards the funeral expenses. She agreed with the trial court's suggestion that upon satisfaction of the funeral expenses, the remaining payments towards the arrearage should be divided between her sibling and herself.

On January 29, 2013, the trial court issued its Order, finding, in pertinent part:

3. Because the children are adults and the father is deceased, [Roop] had requested that the arrearage be forgiven.

4. The parties' daughter, [Buchanan] is now 28 years old and has assumed funeral expenses for [Dean] of $8,026.00 and is entitled to collect the arrearage for funeral expense purposes.

5 [Roop] shall continue to pay a minimum of ten ($10.00) per week toward the arrearage.

6. After all funeral expenses and actual interest and collection costs have been paid, payments on the arrearage shall be paid in equal amounts to the adult children [] until paid in full.

3

7. The Clerk shall release $140.00 being held in this case to [Buchanan] for the payment of funeral expenses as provided in this order.

(Appellant's Br. p. 12).

On February 19, 2013, Roop's sister contacted the trial court, notifying the court that Buchanan was not making payments to the funeral home as directed by the trial court's order. On March 26, 2013, the trial court conducted another hearing, and on April 2, 2013, the trial court issued the following Order, stating in pertinent part:

2. After entry of the [c]ourt's order, [Roop] notified the [c]ourt that [Buchanan] was not paying the funeral expenses as agreed and ordered.

3. Weathers Funeral Home has not been paid and has filed suit against [Buchanan].

4. [Buchanan] still has the uncashed support checks and has not activated the debt card containing support funds because she says that Weathers Funeral Home would not accept partial payments unless the debtor applied to Personal Finance Company for a structured promissory note.

5. [Buchanan] testified that [Dean] had life insurance but named his grandchildren as beneficiaries and the insurance proceeds are not available for payment of funeral expenses.

6. [Roop] does not want to pay back support at all, even at $10.00 per week toward [Buchanan's] funeral expenses.

7. The [c]ourt now reaffirms its prior Order of January 29, 2013 and directs [Buchanan] to promptly pay over support proceeds to Weathers Funeral Home, or if they will not accept payments now, to make payments to the Clerk after a judgment is entered against [Buchanan] for funeral expenses.

(Appellant's Br. p. 16).

Roop now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

4

Roop contends that the trial court abused its discretion when it ordered her to continue to make payments towards her child support arrearage even though the recipient is deceased and no estate had been established. Specifically, she maintains that because child support arrearage is a "debt owed to the custodial parent for expenses accrued by the custodial parent in rearing dependent children, [] in the absence of a formal estate process," the trial court improperly earmarked the support arrearage to pay for Dean's funeral expenses incurred by the adult child. (Appellant's Br. pp. 6, 8).

Initially, we note that no appellee's brief was filed. "When an appellee does not submit a brief, an appellant may prevail by making a *prima facie* case of error. *Gibson v. Hand*, 756 N.E.2d 544, 545 (Ind. Ct. App. 2001). Such a rule protects this court and relieves it from the burden of controverting arguments advanced for reversal, a duty which properly remains with counsel for the appellee. *Id*. at 546.

## I. *Standard of Review*

Decisions regarding child support matters are within the sound discretion of the trial court. *Decker v. Decker*, 829 N.E.2d 77, 79 (Ind. Ct. App. 2005). We reverse a child support decision only if there has been an abuse of discretion or the decision is contrary to law. *Id*. An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Norris v. Pethe*, 833 N.E.2d 1024, 1029 (Ind. Ct. App. 2005).

## II. *Nature of the Arrearage*

One of the purposes of child support is to provide a child with regular and uninterrupted support. *Rendon v. Rendon*, 692 N.E.2d 889, 897 (Ind. Ct. App. 1998). It

has long been held that "the right to support lies exclusively with the child, and that a parent holds the child support payments in trust for the child's benefit." *Bussert v. Bussert*, 677 N.E.2d 68, 71 (Ind. Ct. App. 1997), *trans. denied*. The custodial parent acts as a trustee of the payments and is to use them for the benefit of the child. *Straub v. B.M.T. by Todd*, 645 N.E2d 597, 599 (Ind. 1994). As the constructive trustee, the custodial parent may not contract away the benefits of the constructive trust, and neither the parents nor the child may informally effect a modification or annulment of the accrued benefits. *In re Hambright*, 762 N.E.2d 98, 101 (Ind. 2002). In addition, once funds have accrued to the child's benefit, the trial court lacks the power to reduce, annul, or vacate the child's support order retroactively. *Whited v. Whited*, 859 N.E.2d 657, 661 (Ind. 2007).[2]

Several cases have arisen over the years that have provided an opportunity to refine these general rules and adapt them to diverse situations. In *Lizak v. Schultz*, 496 N.E.2d 40 (Ind. 1986), the mother, who was the custodial parent, died while the father owed a substantial arrearage on his child support obligation. *Id*. at 41. The mother's husband, as personal representative of her estate, pursued the arrearage which existed on the date of her death, and eventually a judgment was entered against the father and in favor of the estate. *Id*. The father appealed, arguing that because the mother was a fiduciary for the children, the arrearage was not an ordinary debt that could be collected

---

[2] There are two exceptions to the rule prohibiting retroactive modification of support already accrued, none of which is applicable to the case before us: 1) where the parties have agreed to and carried out an alternative method of payment which substantially complies with the spirit of the decree and 2) where the obligated parent, by agreement with the custodial parent, takes the child into his or her home, assumes custody, provides necessities, and exercises parental control for such a period of time that a permanent change of custody is effected. *Whited*, 859 N.E.2d at 662.

6

by the personal representative. *Id*. The *Lizak* court noted that describing the child's custodian as a trustee has "distant origins in our law" to differentiate between alimony—paid to the former spouse for his or her benefit—and child support—paid to the child's custodian regardless of whether the custodian is also the child's parent. *Id*. at 42. Using the term "trustee" supports the obligation of the custodian to seek enforcement of a child support order but is not meant to provide the non-paying parent an avenue to avoid paying child support. *Id*. As such, the court clarified that the non-custodial parent has an ongoing obligation to pay child support and the custodian has an ongoing obligation to care for the child. *Id*. A custodial parent who has advanced his or her own funds to provide food, clothing, and shelter to the child has discharged the trusteeship and "is entitled to collect the arrears from the non-custodian." *Id*. Thus, rejecting the father's attempts to avoid his support obligation by forcing the custodian to prove the shortfall caused by arrearage had been made up by the custodian's own funds, the court concluded that the personal representative was entitled to collect the debt. *Id*. at 43.

In *Hambright*, our supreme court considered whether a child support arrearage is an asset of the custodial parent's bankruptcy estate. *In re Hambright*, 762 N.E.2d at 101. Relying on the basic principles that the right lies with the child and the custodial parent holds the support in trust for the child's benefit, the court concluded that arrearages are held for the children and the custodial parent has no individual property interest in them; therefore, the bankruptcy trustee has no interest in them either. *Id*. at 103-04. In so holding, our supreme court left open the issue of "whether the nature of the custodial parent's interest in an arrearage changes after a non-custodial parent's duty to support

7

ends." *Id*. at 103 n.4. Subsequently, this court applied the *Hambright* case in holding child support arrearages are not includable as marital property subject to division in a dissolution proceeding. *Elkins v. Elkins*, 763 N.E.2d 482, 486 (Ind. Ct. App. 2002).

In *Hicks v. Smith*, 919 N.E.2d 1169 (Ind. Ct. App. 2010), mother was the custodial parent of a minor child, with father being ordered to pay child support. *Id*. at 1170. Father absconded with the child and remained a fugitive until the child reached majority. *Id*. at 1171. Subsequently, after father was located and the child was emancipated, mother filed a petition for the payment of the accrued child support arrearage. *Id*. Father requested to pay the arrearage directly to his son. *Id*. at 1174. Referencing the established case law, we concluded:

> That a custodial parent holds child support payments in trust for the child makes sense during the child's minority because the minor child has an ongoing and regular need for support. Once the child is emancipated, however, the child has been supported. If there is an arrearage remaining, the custodial parent generally had to assume more than his or her share of supporting the child. Where there is clear evidence that because of the arrearage and the custodial parent's inability to make up the shortfall, the now-emancipated child had gone without something that is still relevant— for instance, a college education—the child may arguably be entitled to some of the arrearage. However, for the most part, the arrearage should be available to compensate the custodial parent for his or her expenses in assuming more than his or her share of the cost of supporting the child until his or her emancipation.

*Id*. at 1173-74. Applying these principles, the *Hicks* court acknowledged that mother did not provide support for the child due to father's absconcement. *Id*. However, "[p]resumably, she maintained a home for [the child] should he be returned to her custody and made decisions for sixteen years based on the possibility of his return." *Id*. at 1174. Rejecting Father's request, we noted that, as the child did not support himself

8

during the time he was absent from mother's household, the arrearage cannot be paid directly to him, distinguishing *Thacker v. Thacker*, 710 N.E.2d 942 (Ind. Ct. App. 1999) (the arrearage should be paid to the son because the son advanced his own funds to care for himself during the two-year period he was not living with the custodial parent). *Id.* Accordingly, because father was not entitled to retain the arrearage, and, as "between these three parties and under these circumstances," the *Hicks* court affirmed the trial court's award of the arrearage to mother. *Id.* at 1175.

### III. *Trial Court's Award of Arrearage to Buchanan*

Established precedent clarifies that, with some limited exceptions, the child support arrearage is typically considered a debt owed to the custodial parent for the amounts advanced to make up the non-custodial parent's financial shortfall in raising the children. This obligation to refund the custodial parent exists regardless whether the children are emancipated. Should the custodial parent decease prior to the satisfaction of this debt, the representative of the estate is entitled to collect the arrearage.

With these principles in mind, we turn to the unique facts of this case. It is undisputed that, as of January 22, 2013, Roop's child support arrearage amounted to $9,464.27. It is equally undisputed that Dean is deceased and no estate has been opened. Both children are emancipated and Buchanan assumed Dean's funeral costs in the amount of $8,026.00. As Dean, the deceased custodial parent whose children are emancipated, is entitled to a presumption that he expended his own funds to offset any deficit caused by the unpaid child support during the children's minority, it is only reasonable to infer that these extra expenses cut short his own savings toward funeral

9

costs. Because he was unable to save during his life, his emancipated child has now assumed these costs in lieu of her father. Under these circumstances, we cannot say that the trial court abused its discretion when it ordered Roop to continue paying the child support arrearage towards Dean's funeral costs. However, as the arrearage is a debt owed to the custodial parent as trustee of the child, and in the absence of an estate, the trial court abused its discretion when it awarded the remainder of the arrearage—after payment of the funeral expenses—directly to the emancipated children. *See Lizak*, 496 N.E.2d at 42.

## CONCLUSION

Based on the foregoing, we conclude that the trial court properly ordered Roop to pay the accrued child support obligation to Buchanan for satisfaction of Dean's funeral expenses. However, the trial court abused its discretion when it awarded the remainder of the child support arrearage to the emancipated children.

Affirmed in part and reversed in part.

ROBB, C. J. and KIRSCH, J. concur

10